**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ANN HANKINS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Case No. 3:19-cv-8698-BRM-LHG |
| v. | : | |
| | : | |
| | : | |
| DOUBLETREE MANAGEMENT, LLC, | : | **OPINION** |
| DOUBLETREE BY HILTON, | : | |
| DOUBLETREE SYSTEMS, INC., | : | |
| DOUBLETREE DOMESTIC | : | |
| OPERATING CO., INC., | : | |
| HLT EXISTING FRANCHISE | : | |
| HOLDINGS, LLC, | : | |
| | : | |
| Defendants. | : | |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Defendants Doubletree by Hilton ("Doubletree by Hilton") and Doubletree Management, LLC's ("Doubletree Management") (together, the "Management Defendants") Motion to Dismiss Plaintiff Ann Hankins's ("Hankins") Second Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction or pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted, or in the alternative to transfer venue to the District of Puerto Rico. (ECF No. 26.) Also before the Court is Defendants Hilton Domestic Operating Co., Inc., ("Operating Defendant") and HLT Existing Franchise Holding, LLC's ("Franchise") (together, the "Franchise Defendants") separate but similar Motion to Dismiss Hankins's Second Amended Complaint. (ECF No. 34.) Hankins

opposes both Motions. (ECF No. 29[1], 42.) The Management Defendants filed a Reply (ECF No. 38)[2], as did the Franchise Defendants. (ECF No. 48.) Pursuant to this Court's Letter Order, Hankins filed a sur-reply to the Franchise Defendants' Motion (ECF No. 51.) Having reviewed all the filings submitted in connection with the motions and having declined to hold oral arguments pursuant to Federal Rule of Civil Procedure 78(b), for the reasons below and for good cause shown, this action is **DISMISSED** for lack of subject-matter jurisdiction, and both Motions to Dismiss or Remove to Puerto Rico are **DENIED** as moot.

## I.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY[3]

### A.  Factual Background

Hankins is a New Jersey resident who injured herself in a hot tub located at a hotel in San Juan, Puerto Rico. (ECF No. 25 ¶¶ 2, 14, 15.) Hankins alleges the hotel is the Doubletree by Hilton San Juan, though she says it also may be known as the Swiss Chalet, Inc. (*Id.* ¶ 3.) Hankins does not say exactly how she was injured. Hankins also does not say what her injury is, except that it is permanent.[4] (*Id.* ¶ 15.) Hankins says this injury resulted from her use of a hot tub that was "poorly

---

[1] Hankins filed a Supplemental Certification to make corrections to her Brief in Opposition to the Motion and sought the Court's approval for the filing of same. (ECF No. 36-1.)

[2] Though a Reply, Defendants' brief is labeled as "Brief in Opposition." (*See* Docket entry for ECF No. 38.)

[3] For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Furthermore, the Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

[4] The Franchise Defendants' Statement of Facts in their Brief in Support of their Motion says Hankins slipped on a hot tub step while exiting the hot tub, sustaining injuries requiring medical treatment. (ECF No. 34-1.) The Incident Report Hankins attached to her Opposition to that Motion indicates she hurt her left arm in the fall. (*See* Ex. A (ECF No. 42-2).)

2

maintained, poorly designed and in a dangerous condition." (*Id.*) She reported her injury to hotel management and was told by staffers the hotel would pay her medical bills "and generally take care of her." (*Id.* ¶ 16.) It appears that did not happen. Instead, Hankins says she has been left with damages including medical bills in excess of $30,000, while she seeks damages "in excess of $75,000" for pain and suffering, attorney fees, lost wages, interest, and unliquidated damages. (*Id.* at 7.)

Hankins made her reservation for the San Juan hotel through a Hilton Hotels website operated by Doubletree Hilton Hotels. (*Id.* ¶ 2.) Hankins does not identify the entity she calls Doubletree Hilton Hotels further, nor does she include Doubletree Hilton Hotels among the Defendants. Hankins says the San Juan hotel "may actually be known as Swiss Chalet, Inc.," though this hotel was "marketed as a Doubletree Hilton" and "branded as a Doubletree Hilton." (*Id.*) Regardless, Hankins alleges the hotel was owned by Defendant Doubletree Management. (*Id.*) Hankins does not say where Doubletree Management is registered as an LLC nor does she provide any details about the citizenship of the LLC's members, though she provides a San Juan, Puerto Rico mailing address as its principal place of business in her Local Civil Rule 10.1 Statement for service of process. (*Id.* at 1.) She alleges Defendant Doubletree Hotel Systems is an Arizona corporation with a contract or agency relationship with the San Juan hotel. (*Id.* ¶ 4.) Doubletree Hotel Systems has a principal place of business in Phoenix, Arizona. (*Id.* at 1.) She alleges Defendant HLT Existing Franchise Holding is a Delaware limited liability company— Hankins does not provide the citizenship of the LLC's members—that also has a contract or agency relationship with the San Juan hotel. (*Id.* ¶ 5.) HLT Existing Franchise Holding has its principal place of business in Wilmington, Delaware address. (*Id.* at 2.)

Defendants Doubletree Domestic Operating Co., a Delaware corporation, and/or

3

Doubletree by Hilton, a Virginia Corporation, are the parent companies "that either operated the website or directly benefitted from the relationship that was creating by imbuing all of the other Hilton entities as being part of corporation," as well as parent companies of the other Hilton entities. (*Id.* ¶ 6.) Doubletree Domestic Operating and Doubletree by Hilton have the same McLean, Virginia address as their principal place of business. (*Id.* at 1.)

### B.  Procedural History

Hankins filed a Complaint on February 6, 2019, in Superior Court of New Jersey, Monmouth County, Law Division, alleging negligence against the Management Defendants[5] (Count One) and against John Does 1-10 (Count Two). (ECF No. 1-1.) On March 18, 2019, the Management Defendants removed the action to this Court. (ECF No. 1.) On March 20, 2019, the Management Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), or in the alternative to transfer venue to Puerto Rico pursuant to 28 U.S.C. § 1404(a). (ECF No. 2.) Hankins filed opposition (ECF No. 5), the Management Defendants filed a Reply (ECF No. 10), and Hankins filed a sur-reply pursuant to this Court's Letter Order. (ECF No. 12.)

In August 2019, Hankins filed an Amended Complaint adding the Operating Defendant and Doubletree Systems, Inc., as Defendants and leaving only one count of negligence against all Defendants. (ECF No. 16.) On August 30, 2019, the Management Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 17.) Upon leave of the Court, Hankins filed a Second Amended Complaint on September 10, 2019, adding Franchise as a Defendant. (ECF No. 25.) This Court terminated the Motion to Dismiss the Amended Complaint. (*See* Docket entry for September

---

[5] Hankins alleged the San Juan hotel was "a property of Doubletree Management, LLC and Doubletree Hilton." (ECF No. 1-1 ¶ 2.)

16, 2019.) On September 24, 2019, the Management Defendants filed this Motion to Dismiss the Second Amended Complaint. (ECF No. 26.) After the Clerk granted her request for extension, Hankins filed her Opposition on October 31, 2019. (ECF No. 33.) On November 8, 2019, the Franchise Defendants filed their Motion to Dismiss the Second Amended Complaint. (ECF No. 34.) The Management Defendants filed a Reply for their Motion on November 11, 2019. (ECF No. 38.) Pursuant to this Court's Letter Order, Hankins filed a sur-reply on November 18, 2019. (ECF No. 41.) Hankins filed her Opposition to the Franchise Defendants' Motion to Dismiss on December 2, 2019. (ECF No. 42.) Pursuant to this Court's Order, the Franchise Defendants filed their Reply on December 17, 2019. (ECF No. 48.) Pursuant to the Court's Order, Hankins filed a sur-reply on December 26, 2019. (ECF No. 51.)

## II.   LEGAL STANDARDS

### A.   Rule 12(b)(1) Standard

In considering dismissal for lack of subject-matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Industries, Inc.*, 241 F. Supp. 2d 434 (D.N.J. 2002).

"A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis*, 824 F.3d at 346. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id.* (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347,

358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id*. (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348-49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)).

These cases make clear that "dismissal via a Rule 12(b)(1) factual challenge to standing should be granted sparingly." *Id*.

Here, the Court *sua sponte* considers a facial 12(b)(1) challenge before reaching the merits of the pending motions. Therefore, the Court considers the allegations in the light most favorable

to Plaintiff. *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000); *Mortensen*, 549 F.2d at 891.

### III.   DECISION

While no party challenges the Court's subject-matter jurisdiction over this litigation, "federal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Hartig Drug Co. v. Senjuu Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Therefore, before considering the parties' arguments on whether the Court has personal jurisdiction over this litigation or on the merits of Hankins's claims,[6] the Court first must

---

[6] This case features a roster of Hilton and Doubletree entities that Hankins alleges are related to the San Juan hotel where her negligence claim arises. She did not sue the San Juan hotel itself. Defendants argue the Second Amended Complaint should be dismissed because the San Juan hotel is a separate entity, unrelated to any of them. Defendants contend that even if that hotel is related to any of them, dismissal is warranted because this Court lacks personal jurisdiction over any of the Defendants. And even if the Court has personal jurisdiction over any Defendant, this action should be dismissed, Defendants assert, because Hankins has not stated a claim against them for which relief can be granted. Finally, Defendants argue that because the alleged accident occurred in Puerto Rico, the law of that territory will govern the litigation, and since Puerto Rico has a one-year statute of limitations for negligence actions, the Complaint was untimely filed. (*See* Management Defs.' Br. in Support of Mot. (ECF No. 26-3); *see also* Franchise Defs.' Br. (ECF No. 34).)

Hankins counters that the Motion must be denied because the contention that Defendants are unrelated to the San Juan hotel "improperly relies on extraneous matter beyond the pleadings," by which she means certifications the Management Defendants submitted with their Motion and the Franchise Defendants submitted with their Motion. (Pl.'s Br. in Opp. to Mot. (ECF No. 29) at 3 (citing *H.Y.C. v. Hyatt Hotels Corp.*, No. 15-887, 2016 U.S. Dist. LEXIS 2029 (D. Del. Jan. 8, 2016) (where the court stated it could not grant Hyatt's motion to dismiss because that would require considering matters extraneous to the pleadings, contra Rule 21(b)(6), in the form of affidavits purporting to set forth a hotel's ownership).) To rely on such material, Hankins argues the Court would have to convert the Motion to Dismiss to a Motion for Summary Judgment, though the Court has not fulfilled the procedural prerequisites for that move, such as giving notice to the parties of its intent to convert the Motion. (*Id.* at 3-6.) Hankins further contends the Motion should be denied because her pleading sufficiently fulfills the requirements of *Twombly* and *Iqbal*.

A review of the parties' argument leads the Court to doubt that, had it concluded it has subject-matter jurisdiction, it would have personal jurisdiction over Defendants.

be satisfied it has subject-matter jurisdiction over this action. *Wyrough & Loser, Inc. v. Pelmor Laboratories, Inc.*, 376 F.2d 543, 547 (3d Cir. 1967) (citing *Arrowsmith v. United Press International*, 320 F.2d 219, 221, 6 A.L.R.2d 1072 (3d Cir. 1963)).

## A. Subject-Matter Jurisdiction

In the Second Amended Complaint, Hankins alleges this Court has subject-jurisdiction pursuant to 28 U.S.C. § 1332(a), which provides district courts with original jurisdiction over matters between citizens of different states where the amount in controversy is greater than $75,000.00. Diversity jurisdiction "requires complete diversity of the parties; that is, no plaintiff can be a citizen of the same state as any of the defendants." *Grand Union Supermarkets of V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003). In a case resting on diversity jurisdiction, the Court must determine for itself whether or not every defendant is completely diverse from the plaintiff. *See Auto-Owners Ins. Co. v. Stevens & Ricci, Inc.*, 835 F.3d 388, 394 (3d Cir. 2016) (quoting *Grand Union Supermarkets of the V.I., Inc. v. H.E. Lockhart Mgmt., Inc.*, 316 F.3d 408, 410 (3d Cir. 2003)).

"The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010). Because this Court has not held an evidentiary hearing, Hankins bears the burden only of proving a prima facie case of subject-matter jurisdiction. *See Metcalf*, 566 F.3d at 330. Hankins "may not rely on bare pleadings alone" for such a showing, "but must come forward with affidavits and other competent evidence establishing with reasonable particularity the nature and extent of [Defendants'] contacts with [New Jersey]." *Sadek v. Horovitz*, No. 10-2187, 2013 WL 12149254, at *6 (D.N.J. Mar. 28, 2013) (citing *Metcalfe*, 566 F.3d at 330). Hankins must allege diversity jurisdiction by a preponderance

8

of the evidence, meaning it is more likely than not. *See McCann v. Newman Irrevocable Tr.*, 458 F.3d 281, 289 (3d Cir. 2006).

After reviewing the allegations in her Second Amended Complaint, the Court concludes Hankins has not met her burden of sufficiently pleading the diversity among the parties required to give this Court subject-matter jurisdiction over this action.

District courts have original jurisdiction over matters "between citizens of different states." § 1332(a)(1). Hankins identifies herself only as a resident of New Jersey, however she provides a specific address in Red Bank, New Jersey, which this Court interprets as being her principle domicile. While allegations of residence are insufficient to establish corporate citizenship, *GBForefront, L.P. v. Forefront Management Group, LLC*, 888 F.3d 29, 34 (3d. Cir. 2018), allegations of domicile are sufficient where natural persons are concerned. *Gallagher v. Philadelphia Transp. Co.*, 185 F.2d 543, 546 (3d Cir. 1950)

Hankins alleges Defendants are comprised of one Delaware corporation, one Delaware limited liability company, one Virginia corporation, one Arizona corporation, and a Puerto Rico LLC, however the allegations in her Second Amended Complaint do not sufficiently plead facts evidencing the diversity alleged.

A corporation takes on the citizenship of "both its state of incorporation and the state of its principal place of business." *GBForefront*, 888 F.3d at 34. "[T]he citizenship of an LLC is determined by the citizenship of its members." *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010). If the LLC's members are themselves limited liability companies (or partnerships, or trusts, or unincorporated associations, etc.), the Court may need to trace the parties' citizenship through multiple layers of entities. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015).

In the Second Amended Complaint, Hankins lists Doubletree Management as a limited liability company and provides a San Juan, Puerto Rico, address for it, but that address was provided for the purposes of Local Civil Rule 10.1, which deals with service of process. Hankins is silent about Doubletree Management's address for its principal place of business, where it was formed, and, most importantly, the citizenship of its members. (ECF No. 25 ¶¶ 1, 3.)

Hankins alleges Doubletree by Hilton is a Virginia corporation; she does not provide a principal place of business for that entity, only a Rule 10.1 address in McLean, Virginia. (*Id.* ¶¶ 1, 7.) Hankins alleges Doubletree Hotel Systems is an Arizona corporation; she does not provide a principal place of business for that entity, only a Rule 10.1 address in Phoenix, Arizona. (*Id.* ¶¶ 1, 6.) Hankins identifies HLT Existing Franchise as a Delaware limited liability company; she provides a McLean, Virginia address for Rule 10.1 purposes, but otherwise is silent about the LLC's principal place of business and, most importantly, the citizenship of its members. (*Id.* ¶¶ 1, 5.) In other words, Hankins's allegations do not make clear whether the parties are completely diverse. *Auto-Owners Ins. Co.*, 835 F.3d at 394. Any New Jersey-based member of either LLC, for example, would destroy diversity jurisdiction, as would any of the corporations having a principal place of business in New Jersey.

Hankins admits as much in a certification responding to certifications provided by the Management Defendants for this Motion. Those Management Defendants' certifications, by executives of Swiss Chalet and Doubletree Management, state that Swiss Chalet is a Puerto Rico corporation that owns and operates the San Juan hotel but has no relationship of any kind with Doubletree Management, with Doubletree by Hilton, or with New Jersey. (ECF No. 26-2). In response Hankins states, "the web of entities is indistinguishable for an end consumer such as Ann Hankins." (ECF No. 29-1 ¶ 12.) So too is this web of entities too indistinguishable on the basis of

the Second Amended Complaint for this Court to conclude Hankins has sufficiently pleaded that this Court has original jurisdiction over this action by virtue of the diversity of citizenship of the parties, though this is her Second Amended Complaint, filed more than 19 months after the alleged incident in the hot tub.

Because the Court concludes it does not have subject-matter jurisdiction over this matter, the Court does not address the Motions' stated grounds of a lack of personal jurisdiction pursuant to Rule 12(b)(2) and the a failure to state a claim for which relief can be granted pursuant to Rule 12(b)(6). *See Kalick v. United States*, 35 F. Supp. 3d 639, 645 (D.N.J. 2014), *aff'd*, 604 F. App'x 108 (3d Cir. 2015). The Court also **DENIES** Defendants' Motions to Transfer this litigation to the District of Puerto Rico as moot.

## IV.   CONCLUSION

For the reasons set forth above, this action is **DISMISSED** for lack of subject-matter jurisdiction as set forth herein and in the accompanying Order, while Defendants' Motions to Dismiss the Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and Defendants' Motions to Transfer the litigation to the District of Puerto Rico are **DENIED** as moot.


**Date: May 29, 2020**                    */s/ Brian R. Martinotti*
                                          **HON. BRIAN R. MARTINOTTI**
                                          **UNITED STATES DISTRICT JUDGE**