<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANN HANKINS,<br><br>                Plaintiff,<br><br>          v.<br><br>DOUBLETREE MANAGEMENT, LLC, DOUBLETREE BY HILTON, DOUBLETREE SYSTEMS, INC., HILTON DOMESTIC OPERATING COMPANY, INC., PARK HOTELS & RESORTS, SWISS CHALET, INC., and HLT EXISTING FRANCHISE HOLDINGS, LLC<br><br>                Defendants. | Case No. 3:19-cv-08698 (BRM) (LHG)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before this Court is Defendants Swiss Chalet Inc. d/b/a Doubletree by Hilton San Juan i/p/a "Doubletree by Hilton" ("Swiss Chalet") and Doubletree Management LLC ("Doubletree Management") (together the "Management Defendants") Motion to Dismiss Plaintiff Ann Hankins ("Hankins") Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or in the alternative, to transfer venue to the District of Puerto Rico. (ECF No. 57.) Also before the Court is Defendants Hilton Domestic Operating Company, Inc. ("Hilton Domestic"), HLT Existing Franchise Holding, LLC ("HLT"), and Park Hotels & Resorts, Inc. ("Park Hotels") (together, the "Franchise Defendants") separate but similar Motion to Dismiss Hankins's Second Amended Complaint. (ECF No. 66.) Hankins opposes both Motions. (ECF Nos. 59, 68.) The Management Defendants filed a reply (ECF No. 65), as did the Franchise Defendants (ECF No. 69). Having reviewed the filings submitted in connection with the Motions

and having declined to hold oral arguments pursuant to Federal Rule of Civil Procedure 78(b), for the reasons below and for good cause shown, this action is again **DISMISSED** for lack of subject matter jurisdiction, and both Motions to Dismiss, or in the alternative, to transfer to the District of Puerto Rico are **DENIED as MOOT**.

I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A. Factual Background

For the purposes of the Motions to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true and draws all inferences in the light most favorable to Hankins, the plaintiff. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). The Court also considers any "document *integral to or explicitly relied upon* in the complaint." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (quoting *Shaw v. Dig. Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996)).

Hankins is a New Jersey resident who was injured in a hot tub located at a hotel in San Juan, Puerto Rico. (ECF No. 54 ¶¶ 2, 25.) Hankins alleges she utilized the interactive "Hilton Honors" website in booking a hotel reservation at the Swiss Chalet hotel, a Puerto Rico corporation, identified as the Doubletree by Hilton hotel in San Juan, Puerto Rico (the "Hotel"). (*Id.* ¶¶ 2, 23.) Hankins believed she was staying at a Hilton property because the website she used to make her hotel reservation identified the Swiss Chalet hotel as a Hilton property. (*Id.* ¶¶ 23–24.) Hankins specifically sought out a Hilton property and looked forward to utilizing the "Hilton Honors" program because it allowed her to accumulate points and rewards for staying at a Hilton hotel. (*Id.*) Doubletree Management, a limited liability company registered in Delaware with its principal place of business in Virginia, and Hilton Domestic, a corporation registered in Delaware

2

with its principal place of business in Virginia, owned, operated and/or controlled the "Hilton Honors" program and all other relevant websites. (*Id.* ¶ 24.)[1]

Hankins's specific damages resulting from a fall in the "poorly maintained, poorly designed," and "dangerous" hot tub caused Hankins to sustain physical permanent injuries,[2] pain and suffering, lost wages, and medical expenses. (*Id.* ¶ 25.) Hankins reported the fall to Hotel management and was given an incident report that identified the property as "Doubletree by Hilton." (*Id.* ¶ 26.) She was told by Hotel staff "they would pay her medical bills and generally take care of her." (*Id.*) Hankins maintains she was never advised by anyone that the Hotel was anything but a Hilton hotel and there was no indication or signage at the Hotel that it was a "Swiss Chalet" hotel.[3] (*Id.*) According to Hankins, Swiss Chalet represented it had a franchise agreement with Doubletree Systems, Inc., an Arizona corporation, which was assumed/absorbed by HLT, a Delaware limited liability company with its principal place of business in Virginia which is solely owned by Park Hotels, a Delaware corporation with its principal place of business in Virginia. Further, Swiss Chalet has an agency relationship with HLT and Park Hotels, which includes inspecting and controlling, amongst other things, recreational areas of Swiss Chalet, like the hot tub. (*Id.* ¶ 28.)

---

[1] Hankins also alleges "[w]ithout discovery, it is impossible to know who owns or operates this website, but it inures to the benefit of all the named defendants." (*Id.* ¶ 2.)

[2] Hankins's specific bodily injuries include a fractured wrist, which required two surgeries, both of which were performed in New Jersey. (*Id.* ¶ 28.)

[3] Hankins alleges it was "impossible to book a hotel room at the Hotel using any Swiss Chalet named website." (*Id.*)

### B. Procedural History

Hankins filed a Complaint on February 6, 2019, in the Superior Court of New Jersey, Monmouth County, Law Division, alleging negligence against the Management Defendants (Count One) and against John Does 1-10 (Count Two). (ECF No. 1-1.) On March 18, 2019, the Management Defendants removed the action to this Court. (ECF No. 1.) On March 20, 2019, the Management Defendants filed a Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6), or in the alternative, to transfer venue to the District of Puerto Rico pursuant to 28 U.S.C. § 1404(a). (ECF No. 2.) Hankins filed an opposition (ECF No. 5), the Management Defendants filed a reply (ECF No. 10), and Hankins filed a sur-reply pursuant to this Court's Letter Order. (*See* ECF Nos. 11–12.)

On August 8, 2019, Hankins filed an Amended Complaint adding Hilton Domestic and Doubletree Systems, Inc. as defendants and asserting just one count of negligence against all defendants. (ECF No. 16.) On August 30, 2019, the Management Defendants filed a Motion to Dismiss the Amended Complaint. (ECF No. 17.) Upon leave of the Court, Hankins filed a Second Amended Complaint on September 10, 2019, adding HLT as a defendant. (ECF No. 25.) This Court terminated the Motion to Dismiss the Amended Complaint filed by the Management Defendants. (*See* Docket entry for September 16, 2019.) On September 24, 2019, the Management Defendants filed a Motion to Dismiss the Second Amended Complaint. (ECF No. 26.) After the Clerk granted her request for extension, Hankins filed her opposition on October 31, 2019. (ECF No. 33.) On November 8, 2019, Hilton Domestic and HLT filed their Motion to Dismiss the Second Amended Complaint. (ECF No. 34.) Hankins opposed both motions (ECF Nos. 29, 42.) On May 29, 2020, the Court dismissed the Second Amended Complaint without prejudice for lack of subject matter jurisdiction and deemed the motions to dismiss pursuant to Federal Rules of Civil

Procedure 12(b)(2) and 12(b)(6), or in the alternative, to transfer venue, denied as moot. (ECF Nos. 52–53.) Specifically, the Court held the Amended Complaint failed to allege complete diversity between the parties and provided Hankins thirty days to re-file a corrected complaint. (*Id.*) On May 29, 2020, the matter was terminated. On June 25, 2020, in accordance with the Court's May 29, 2020 order, Hankins filed a Second Amended Complaint, adding Park Hotels as a defendant. (ECF No. 54.) In the Second Amended Complaint, Hankins alleges three counts: (1) Personal Injury – Negligence; (2) Negligence – Breach of Promise; and (3) Negligence – Agency, and seeks damages for medical bills in excess of $30,000, pain and suffering, attorney fees, lost wages, interest, unliquidated damages worth together in excess of $75,000. (*Id.*) On July 8, 2020, the Management Defendants filed a Motion to Dismiss the Second Amended Complaint (ECF No. 57.) On August 3, 2020, Hankins filed an opposition. (ECF No. 59.) On August 11, 2020, the Management Defendants filed a reply. (ECF No. 65.) On August 28, 2020, the Franchise Defendants filed their Motion to Dismiss the Second Amended Complaint. (ECF No. 66.) On September 18, 2020, Hankins filed an opposition. (ECF No. 68.) On September 25, 2020, the Franchise Defendants filed a reply. (ECF No. 69.)

**II.     LEGAL STANDARD**

The Court reminds the parties: in considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief but rather on whether the court has jurisdiction to hear the claim and grant relief. *Maertin v. Armstrong World Industries, Inc.*, 241 F. Supp. 2d 434 (D.N.J. 2002). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis*, 824 F.3d at 346. A facial attack "challenges the subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as

true.'" *Id*. (citing *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual attack, on the other hand, "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Id*. (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)). A "factual challenge allows a court [to] weigh and consider evidence outside the pleadings." *Id*. (citation omitted). Thus, when a factual challenge is made, "no presumptive truthfulness attaches to [the] plaintiff's allegations." *Id*. (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Rather, "the plaintiff will have the burden of proof that jurisdiction does in fact exist," and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id*.

The Third Circuit has "repeatedly cautioned against allowing a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction to be turned into an attack on the merits." *Davis*, 824 F.3d at 348–49 (collecting cases). "[D]ismissal for lack of jurisdiction is not appropriate merely because the legal theory alleged is probably false, but only because the right claimed is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Id*. at 350 (quoting *Kulick v. Pocono Downs Racing Ass'n, Inc.*, 816 F.2d 895, 899 (3d Cir. 1987)). "In this vein, when a case raises a disputed factual issue that goes both to the merits and jurisdiction, district courts must 'demand less in the way of jurisdictional proof than would be appropriate at a trial stage.'" *Id*. (citing *Mortensen*, 549 F.2d at 892 (holding that dismissal under Rule 12(b)(1) would be "unusual" when the facts necessary to succeed on the merits are at least in part the same as must be alleged or proven to withstand jurisdictional attacks)).

6

### III. DECISION

While no party challenges the Court's subject matter jurisdiction over this litigation, "[i]t is fundamental that federal courts [] have subject matter jurisdiction before reaching the merits of a case, and, as its name indicates, jurisdiction based on diversity of citizenship requires that opposing parties be citizens of diverse states." *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018). Indeed, it does not matter that both parties appear to operate under the assumption Hankins sufficiently pled subject matter jurisdiction in the Second Amended Complaint, *see* (ECF No. 57 at 13, "subject matter jurisdiction might now be settled") and (ECF No. 66-1 at 32, the case is a "diversity action"). The Court must, before it reaches the merits of the Motions to Dismiss, pursuant to its own obligation, determine the existence of subject matter jurisdiction. *Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 131 (3d Cir. 2019) (providing that "regardless of the acquiescence or wishes of the parties," the court "had an independent obligation to determine whether subject-matter jurisdiction exist[ed]") (citation omitted); *Hartig Drug Co. Inc. v. Senju Pharm. Co.*, 836 F.3d 261, 267 (3d Cir. 2016) (citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). For the reasons set forth below, the Court is again not satisfied that subject matter jurisdiction has been adequately alleged.[4]

In relevant part, as stated in Hankins's Second Amended Complaint, Doubletree Management is a limited liability company registered in Delaware which is "owned by Hilton Domestic." (ECF No. 54 ¶ 3.) The Corporate Disclosure Statement indicates "Doubletree Management LLC is owned 100% by Hilton Domestic Operating Company Inc. since September

---

[4] "[F]ederal courts [must] be vigilant in questioning their subject-matter jurisdiction. Federal jurisdiction is not a game of dodgeball: it is far too important to permit parties to avoid its limitations . . . ." *Coffey v. Wells Fargo Bank N.A.*, Civ. A. No. 205093, 2020 WL 7239844, at *2 (D.N.J. Dec. 9, 2020).

15, 2016," and Hilton Domestic is "incorporated in Delaware." (ECF No. 3 at 1.) Hankins also alleges HLT is a limited liability company registered in Delaware and "was 100% owned by Hilton World Wide, Inc., which in 2016 became Park Hotels," also a Delaware corporation. (ECF No. 54 ¶¶ 5–6.) [5]

"It is well established that the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *S. Freedman & Co. v. Raab*, 180 F. App'x 316, 320 (3d Cir. 2006) (citation omitted); *New Jersey ex rel. McDonald v. Copperthwaite*, Civ. A. No. 3:13-05559, 2014 WL 2208159, at *5 (D.N.J. May 28, 2014). "The citizenship of each membership layer must be traced and analyzed to determine a limited liability company's citizenship." *Pharma Tech. v. Stevens Pharm. Equip. Indus., LLC*, Civ. A. No. 13-2910, 2013 WL 1987261, at *1 (D.N.J. May 13, 2013) (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 420 (3d Cir. 2010)); *see Stanton v. Greenstar Recycled Holdings, L.L.C.*, Civ. A. No. 10-5658, 2011 WL 13143136, at *1 (D.N.J. Dec. 29, 2011); *Fifth Third Bank v. Flatrock 3, LLC*, Civ. A. No. 09-06051, 2010 WL 2998305, at *3 (D.N.J. July 21, 2010).

Accordingly, a party asserting federal jurisdiction via diversity of citizenship "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant[s] are citizens of different states." *Gay v. Unipack, Inc.*, Civ. A. No. 10-6221, 2011 WL 5025116, at *4 (D.N.J. Oct. 20, 2011) (citation omitted); *Phillip v. Atl. City Med. Ctr.*, 861 F. Supp. 2d 459, 467 (D.N.J. 2012). When a defendant, as here, is a limited liability corporation, "the citizenship [] is determined by the citizenship of [each of] its members." *Zambelli*, 592 F.3d at 420. If the members are themselves limited liability companies (or partnerships, or trusts, or unincorporated associations, etc.), this Court may need to trace the parties' citizenship through

---

[5] No corporate disclosure statement has been filed for HLT.

multiple layers of entities. *See Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 n.16 (3d Cir. 2015).

Critically, pursuant to Delaware law—where Doubletree Management and HLT are both organized—"being a 'wholly-owned' limited liability company does not necessarily imply that it has only one member." *New Jersey Prop.-Liab. Ins. Guar. Ass'n v. Speciality Risk Servs., LLC*, Civ. A. No. 15-06566, 2016 WL 8674611, at *3 (D.N.J. July 8, 2016) (recognizing that under Delaware law an LLC may have members that do not possess ownership interests). Rather, "a limited liability company may have members that are not owners." *Id.* (citing 6 Del.C. §§ 18-301(d), 18-702(a)).[6] Therefore, Hankins's allegation that Doubletree Management and HLT are solely owned by two Delaware companies (Hilton Domestic and Park Hotels, respectively) does not resolve the question of Doubletree Management's and HLT's membership for purposes of determining citizenship. *See Advanced Techs. & Installation Corp. v. Nokia Siemens Networks US, LLC*, Civ. A. No. 09-6233, 2011 WL 198033, at *3 (D.N.J. Jan. 20, 2011) (acknowledging that "its legal error in concluding that a wholly-owned subsidiary necessarily has only one

---

[6] 6 Del.C. § 18-301(d) provides: "Unless otherwise provided in a limited liability company agreement, a person may be admitted to a limited liability company as a member of the limited liability company without acquiring a limited liability company interest in the limited liability company." Section 18-702(a) provides:

> A limited liability company interest is assignable in whole or in part except as provided in a limited liability company agreement. The assignee of a member's limited liability company interest shall have no right to participate in the management of the business and affairs of a limited liability company except as provided in a limited liability company agreement or, unless otherwise provided in the limited liability company agreement, upon the vote or consent of all of the members of the limited liability company.

9

member," because "under Delaware law, a limited liability company may have members that are not owners").[7]

Therefore, the Court cannot determine whether diversity jurisdiction exists over this case because Hankins insufficiently pled the citizenship of Doubletree Management and HLT. *See New Jersey Prop.-Liab.*, 2016 WL 8674611, at *3. The record in this case does not affirmatively and distinctly identify the citizenship of all members of Doubletree Management and HLT. Given the limited record, the Court cannot determine whether it possesses diversity jurisdiction. *See Johnson v. SmithKline Beecham Corp.*, 724 F.3d 337, 346 (3d Cir. 2013).

Accordingly, both Motions to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2), or in the alternative, to transfer venue to the District of Puerto Rico are denied as moot.

## IV. CONCLUSION

For the reasons set forth above, this action is **DISMISSED** for lack of subject matter jurisdiction. Management Defendants' and Franchise Defendants' Motions to Dismiss the Second

---

[7] Moreover, the clarification of Doubletree Management's and HLT's membership may not be of importance here "[b]ecause the citizenship of a limited liability company is the citizenship of its members at the time of filing, a company that has no members at that time is effectively stateless." Wright & Miller, 13E Fed. Prac. & Proc. Juris. § 3611 (3d ed.), n. 26 (citations omitted). Therefore, diversity jurisdiction will not exist if an LLC has no members because it cannot meet the Section 1332(a)(1) requirement that the dispute be between citizens of different states. Indeed, if it is determined that either Doubletree Management or HLT are deemed "stateless," then subject matter jurisdiction will be deemed lacking and the case will be remanded to New Jersey state court. *See State Farm Fire & Cas. Co. v. Electrolux Home Prod., Inc.*, 397 F. Supp. 3d 749, 751 (E.D. Pa. 2019) (recognizing that "case law discussing the unusual situation of citizenship of an LLC without members is sparse," and if an LLC "is deemed to have no members, it is then stateless and . . . there is no basis for finding diversity of citizenship as to it"); *Nat'l WW II Museum, Inc. v. Talisman Cas. Ins. Co., LLC*, Civ. A. No. 19-13279, 2020 WL 563635, at *2 (E.D. La. Feb. 5, 2020) (recognizing same).

Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or in the alternative, to transfer venue to the District of Puerto Rico are **DENIED as MOOT**. An appropriate Order follows.

Dated: February 26, 2021

                                                  */s/ Brian R. Martinotti*
                                                  **BRIAN R. MARTINOTTI**
                                                  **UNITED STATES DISTRICT JUDGE**