<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANN HANKINS**, <br><br> Plaintiff, <br><br> v. <br><br> **DOUBLETREE MANAGEMENT, LLC,** *et al*, <br><br> Defendants. | Civil Action No. 19-8698 (ZNQ) (RLS) <br><br> **OPINION** |

<u>**QURAISHI, District Judge**</u>

**THIS MATTER** comes before the Court upon two Motions to Dismiss ("Motions") filed separately by Defendants Doubletree Management, LLC, Hilton Domestic Operating Company, Inc., HLT Existing Franchise Holding LLC., and Park Hotels & Resorts, Inc. (collectively, "Defendant Doubletree"), and Swiss Chalet, Inc. ("Defendant Swiss Chalet"). ("Motions," ECF Nos. 82, 88.) Plaintiff Ann Hankins opposed the Motions, ("Opp'n Br.," ECF Nos. 87, 92), to which Defendants Doubletree and Defendant Swiss Chalet replied ("Doubletree Reply," ECF No. 95; "Swiss Chalet Reply," ECF No. 91). The Court has carefully considered the parties' submissions and decides the Motions without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the following reasons, the Court will grant both Motions to Dismiss.

**I.     BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff commenced this action on February 8, 2019, in the Superior Court of New Jersey, Monmouth County, Law Division. (ECF No. 1.) On March 18, 2019, the case was removed to the District of New Jersey. (*Id.*) On July 23, 2019, the Court granted Plaintiff leave to amend her complaint to include additional defendants. (ECF No. 15.) Plaintiff filed an Amended Complaint on August 8, 2019. (ECF No. 16.) Once again, the Court allowed Plaintiff to amend her complaint to include more defendants. (ECF No. 24.) Plaintiff then filed a Second Amended Complaint on September 10, 2019. (ECF No. 25.) On May 29, 2020, this Court dismissed the Plaintiff's Second Amended Complaint without prejudice for lack of subject matter jurisdiction. (ECF No. 53.) Plaintiff had failed to plead facts establishing diversity of citizenship. (*Id.*) On June 25, 2020, Plaintiff filed another Second Amended Complaint (ECF No. 54), but the Court dismissed the Second Amended Complaint once again for lack of subject matter jurisdiction because Plaintiff failed to remedy the deficiencies in her pleadings (ECF No. 71).

On March 26, 2021, Plaintiff filed her Third Amended Complaint. (Third Am. Compl., ECF No. 73.) At this juncture, Defendants Swiss Chalet and Doubletree both filed Motions to Dismiss for lack of personal jurisdiction.[1] (Motions, ECF Nos. 82, 88; Moving Br. at 7–14, 9–27, ECF Nos. 82, 88-1.)

Plaintiff, a New Jersey resident, booked a December 2017 hotel stay at the Doubletree by Hilton San Juan at Gallery Plaza in Puerto Rico ("Hotel") on a "Hilton Honors" website. (Third Am. Compl. ¶ 24.) The Hotel, while labeled as "Doubletree by Hilton," was a franchise owned and operated by Defendant Swiss Chalet, which is owned by Defendant Doubletree. (*Id.* ¶ 7.) Plaintiff alleges that the Hotel operating under the Hilton name is completely controlled by

---

[1] Subject matter jurisdiction is not in dispute; all parties agree that there is both diversity of citizenship and that the amount in controversy exceeds $75,000. (Moving Br. at 5, ECF No. 82; Moving Br. at 10, ECF No. 88-1.)

Defendant Doubletree, the parent company, and as such is subject to personal jurisdiction in New Jersey. (*Id.* ¶ 8.) Defendants operated a website "Hilton Honors," which Plaintiff points out "anyone throughout the United States or elsewhere in the world could" use. (*Id.* ¶ 23.) Plaintiff claims that this interactive website enticed her to book with Hilton Honors at Defendant Swiss Chalet's property. (*Id.* ¶ 8.) Plaintiff alleges that while staying at the Hotel in Puerto Rico as an invitee, she fell while using the hot tub that was kept in a dangerous condition due to Defendants' negligence. (*Id.* at ¶ 26.) Plaintiff seeks damages for the permanent injuries she sustained from the slip and fall. (*Id.* ¶¶ 38, 43, 49.) Plaintiff alleges that the Hotel promised to pay her medical bills. (*Id.* ¶ 27.)

Plaintiff filed this action against Defendants alleging three separate negligence claims. (*Id.* ¶¶ 31–38, 39–43, 44–49.) Under Count One, Plaintiff seeks damages for the personal injury caused by Defendants' negligence. (*Id.* ¶ 38.) Plaintiff was staying at the Hotel in Puerto Rico as part of an extended work trip. (*Id.* ¶¶ 31, 33.) Plaintiff regularly stayed at Hilton hotels and believed that the Hotel in Puerto Rico was a Hilton hotel. (*Id.* ¶¶ 32–34.) Defendant Swiss Chalet had a franchise relationship with Defendant Doubletree, and Plaintiff alleges Defendant Swiss Chalet was controlled by Defendant Doubletree at the time. (*Id.* ¶¶ 34–35.) Plaintiff alleges that the franchise agreement gave Defendant Hilton Domestic and Defendant HLT the ability to inspect Defendant Swiss Chalet's hotel, including the hot tub facility. (*Id.* ¶ 35.) Plaintiff further alleges that she was not negligent in any way at the time of the incident and that the hot tub at Defendant Swiss Chalet's hotel was "defective in design, was not properly maintained, was not properly supervised, and was not in safe condition . . . ." (*Id.* ¶ 36.) This caused the Plaintiff to fall and fracture her wrist, resulting in two surgeries, over $30,000 in medical bills, pain and suffering, attorney fees, and lost wages with damages totalling more than $75,000. (*Id.* ¶ 38.)

Under Count Two, Plaintiff alleges Defendants breached their promise under a negligence cause of action. (*Id.* ¶¶ 39–43.) Plaintiff alleges that the employees at Defendant Swiss Chalet's hotel represented themselves as if they were employees of Defendant Doubletree. (*Id.* ¶ 40.) The staff asked Plaintiff to fill out an incident report and gave her cards. (*Id.* ¶ 40.) Plaintiff alleges that this conduct created apparent authority to bind all Defendants through *respondeat superior*. (*Id.* ¶¶ 40–41.) Defendant Swiss Chalet also allegedly promised to pay Plaintiff's medical bills, which were more than $30,000. (*Id.* ¶ 42.) Plaintiff claims that the failure to follow through with payment of the medical bill is a breach of contract, covenant, and misrepresentation. (*Id.* ¶ 43.)

Under Count Three, Plaintiff alleges negligence due to an agency relationship between Defendants Swiss Chalet and Doubletree. (*Id.* ¶¶ 44–49.) Plaintiff alleges that a franchise agreement exists between Defendants Swiss Chalet and Doubletree. (*Id.* ¶ 45.) The franchise allows Defendants Swiss Chalet access to the Hilton Honors website, "which is marketed . . . to create loyalty . . . among the residents of many states including New Jersey." (*Id.* ¶ 47.) Plaintiff alleges that Defendant Doubletree has a "great deal of control" over Defendant Swiss Chalet. (*Id.* ¶ 48.) This includes the right to inspect and demand changes if Defendant Swiss Chalet's property does not meet expected standards. (*Id.* ¶ 48.) Plaintiff alleges that if Swiss Chalet is found lacking, the franchise agreement may be terminated. (*Id.* ¶ 48.) Plaintiff alleges an agency relationship exists, thereby making Defendants liable for Plaintiff's injuries through the *respondeat superior* doctrine. (*Id.* ¶ 49.) In other words, Plaintiff alleges that Defendant Doubletree would be liable for Defendant Swiss Chalet's actions. (*Id.*) Plaintiff seeks damages that exceed $75,000, which includes "pain and suffering, attorney fees, lost wages, interest, unliquidated damages . . . and any other relief which the Court deems to be equitable and just." (*Id.*)

## II.   LEGAL STANDARD

For the purpose of deciding a motion to dismiss, the Court accepts the factual allegations in the Complaint as true and draws all inferences in the light most favorable to Plaintiff.  *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); Fed. R. Civ. P. 12(b).  A motion to dismiss for lack of personal jurisdiction is a threshold matter resolved before substantively considering the merits of the pleadings.  Once a Rule 12(b)(2) motion has been raised, the Plaintiff must establish the evidence to prove that jurisdiction exists.  The standard establishes that, "at no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.  Once the motion is made, plaintiff must respond with actual proofs, not mere allegations." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 (3d Cir. 2004) (quoting *Patterson by Patterson v. F.B.I.*, 893 F.2d 595, 604 (3d Cir. 1990).  If no relief could be granted under any set of facts that could be proven consistent with the plaintiff's allegations, the motion to dismiss should be granted.  *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 514 (2002).

## III.   DISCUSSION

At this stage, Defendants concede that subject matter jurisdiction is not in dispute. (Moving Br. at 5, ECF No. 82; Moving Br. at 10, ECF No. 88-1.)  Both Defendants, however, argue that this Court lacks specific and general jurisdiction over them.  (Moving Br. at 9–27, ECF No. 88-1; Moving Br. at 7–14, ECF No. 82.)  Defendants argue that the Hotel located in Puerto Rico is not owned nor controlled by any entity within New Jersey, that defendants do not have the requisite contacts with New Jersey, and that no relationship exists with New Jersey.  (Moving Br. at 14-16, ECF No. 88-1; Moving Br. at 7, 11, ECF No. 82.)  Defendants further argue that the hotel is owned and operated by Defendant Swiss Chalet, a corporation formed in Puerto Rico.  (Moving

Br. at 4, ECF No. 82; Moving Br. at 18, ECF No. 88-1.)  Additionally, Defendants argue that the Third Amended Complaint should be dismissed under the *forum non conveniens* doctrine because the incident arose in Puerto Rico, making the greatest interest in litigation in Puerto Rico.  (Moving Br. at 19-20, ECF 82; Moving Br. at 27-30, ECF No. 88-1.)  Finally, Defendants argue that the applicable statute of limitations has already expired.[2]  (Moving Br. at 22, ECF 82; Moving Br. at 6, ECF No. 88-1.)  Plaintiff argues that Defendants are subject to general jurisdiction due to their "physical presence" within the state and "their numerous hotels" in New Jersey.  (Opp'n Br. at 1, ECF No. 92.)  Plaintiff further argues that Defendants advertise in New Jersey and own property there. Moreover, Plaintiff points out that she resides in New Jersey and pays taxes there.  (Opp'n. Br. at 5, ECF No. 92.)

In the Third Circuit, personal jurisdiction is established through a two-step inquiry for federal courts hearing a case through diversity jurisdiction, as in this case.  The Court first determines if personal jurisdiction can be established by looking for a relevant long-arm statute for the state.  *IMO Indus. v. Kiekert AG*, 155 F.3d 254, 258–59 (3d Cir. 1998).  The second step is to ensure that the Due Process Clause of the Constitution is duly applied.  *Id*.  Notably, "[i]n New Jersey, this inquiry is collapsed into a single step because the New Jersey long-arm statute permits the exercise of personal jurisdiction to the fullest limits of due process."  *Id*.  Thus, courts examine whether, under the Due Process Clause, the defendant possesses "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend notions of fair play and substantial justice."  *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Therefore, the Court must analyze whether the defendant "purposefully directed its activities at the forum, . . . [and]

---

[2] Analysis of the statute of limitations in New Jersey versus Puerto Rico is not necessary because the Court finds that that it lacks in personam jurisdiction. Whether Plaintiff's claims are time-barred is not for this Court to decide at this juncture.

litigation must arise out of, or relate to, at least one of those activities." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 317 (3d Cir. 2007) (citations omitted).

"[M]inimum contacts must have a basis in some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 109 (1987) (quoting *Burger King*, 471 U.S. at 475) (internal quotation marks omitted).  Additionally, the court's jurisdiction over the defendant must not offend "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).  Defendants should be subject to jurisdiction within a state only where a defendant's contacts are "such that he should reasonably anticipate being haled into court" there. *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

The two forms of personal jurisdiction are general jurisdiction and specific jurisdiction. *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 334 (3d Cir. 2009).  In the Third Circuit, minimum contacts are analyzed in the context of both types of personal jurisdiction.  *Id.*  General jurisdiction extends beyond an entity's state of incorporation and principal place of business only where its contacts with another forum are so significant as to render it "at home" in that state. *JWQ Cabinetry, Inc. v. Granada Wood & Cabinets, Inc.*, No. 13-4110, 2014 WL 2050267, *3 (D.N.J. May 19, 2014).

Here, the Court has no personal jurisdiction over Defendants because they lack sufficient contacts with New Jersey.  Although Plaintiff argues that discovery is needed to establish the owner of the Hilton Honors website, this makes no difference to the Court's analysis and is, therefore, unnecessary to address.  In *Zippo*, the court held that a "passive Web site that does little more than make information available to those who are interested in it is not grounds for . . .

personal jurisdiction." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Pa. 1997). The sliding *Zippo* test has become the "seminal authority" in deciding whether a website constitutes enough minimum contacts. *Id.* In *Toys "R" Us*, the court notes:

> Mere operation of a commercially interactive web site should not subject the operator to jurisdiction anywhere in the world; rather, there must be evidence that the defendant "purposefully availed" itself of conducting activity in the forum state, by directly targeting its web site to the state, knowingly interacting with residents of the forum state via its web site, or through sufficient other related contacts.

*Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 452 (3d Cir. 2003) (quoting *Zippo Mfg.*, 952 F. Supp. at 1123). Interactivity is part of nearly every website today, and therefore it is imperative to analyze the "purposeful availment" aspect. *M.H. on behalf of C.H. v. Omegle.com LLC*, Civ. No. 20-11294, 2021 WL 1050234, at *4 (D.N.J. Mar. 19, 2021). *Omegle.com* explains that "*Toys 'R' Us* never explicitly adopted *Zippo*'s sliding scale and certainly did not hold that interactivity alone shows purposeful direction." *Omegle.com*, 2021 WL 1050234, at *4. *See also Toys "R" Us,* 318 F.3d at 452; *Zippo Mfg.*, 952 F. Supp. at 1124. In *Sandy Lane*, the "hotel deliberately reached into Pennsylvania to target two of its citizens . . . amount[ing] to purposeful availment of privilege to conduct activities in Pennsylvania for purposes of determining whether federal district court in Pennsylvania had specific personal jurisdiction . . . ." *O'Connor*, 496 F.3d at 318.

In this case, the Hilton Honors website in question is not merely "passive" because the user can book a hotel stay through the website. (Third Am. Compl. ¶ 13.) *See Toys "R" Us*, 318 F.3d at 452. However, Plaintiff's one-way communication in booking a room through the website is not enough to establish Defendants' purposeful availment. Plaintiff's claim that the website can be visited by "anyone throughout the United States or elsewhere in the world" only serves to bolster the argument for lack of personal jurisdiction. (Third Am. Compl. ¶ 23.) The Hilton

Honors website accepts bookings for the Hotel in Puerto Rico but does not appear to have specifically targeted New Jersey customers.  Defendant Swiss Chalet does not advertise to or specifically target New Jersey residents.

## IV. CONCLUSION

For the foregoing reasons, the Court grants Defendants' Motions to Dismiss the Third Amended Complaint without prejudice.  An appropriate Order will follow.

Date: July 29, 2022

s/Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**